IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERARDO HERRERA,

    Plaintiff,

v.                                                                     Civ. No. 20-142 CG/GBW

BERKLEY REGIONAL
INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING MOTION TO COMPEL
PRODUCTION OF SURVEILLANCE VIDEOS**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Production of Surveillance Videos. *Doc. 69*. Having considered the Motion, the attendant briefing (*docs. 78, 80*), and the parties' oral arguments (*doc. 95*), the Court GRANTS the Motion.

**I.    BACKGROUND**

This case is an insurance dispute arising from a car accident on or about January 10, 2018, in which Plaintiff was a passenger in a vehicle owned by his employer and insured by Defendant. *Doc. 2* at 6; *doc. 64* at 1. Plaintiff brings this suit for damages pursuant to the underinsured motorist provision of the insurance policy and alleges that Defendant's failure to pay amounts due under the policy constitutes bad faith under the New Mexico Unfair Claims Practices Act. *Doc. 2* at 6–7; *doc. 64* at 1–2.

Plaintiff filed this suit in state court on January 21, 2020, and Defendant removed it to this Court on February 19, 2020. *Doc. 2*. On April 14, 2020, the Court held a Rule 16 scheduling conference and established a bifurcated track for discovery, with the contractual claim to be addressed in Phase One and bad faith to be addressed in Phase Two. *Doc. 17*.

In March and June of 2020, investigators hired by Defendant conducted surveillance on Plaintiff. *Doc. 78* at 9–10. On September 14, 2020, Defendant took Plaintiff's deposition and played excerpts from videos taken by the investigators. According to Plaintiff, one of these excerpts showed Plaintiff's coworker (who Defendant and its investigators mistook for Plaintiff) washing a car. *Doc. 69* at ¶ 20.

On September 22, 2020, Plaintiff sent Defendant his Second Set of Interrogatories and Requests for Production. *Doc. 56*. In Request for Production No. 10, Plaintiff sought production of all photographs and video collected during surveillance of Plaintiff. *Doc. 78* at 12. Defendant objected to this request on grounds of work-product protection but produced the excerpts used to impeach Plaintiff. *Id.* at 12–13.

Plaintiff filed the present Motion on November 12, 2020. *Doc. 69*. Briefing was complete on December 2, 2020. *See docs. 78, 80*. On January 27, 2021, the Court held a hearing on the present Motion and Defendant's pending motion to dismiss (*see doc. 64*). *Doc. 95*. In connection with Defendant's motion, the parties agreed that Defendant would be permitted to take a second deposition of Plaintiff. *Id.* at 3.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide the following general standard of discoverability:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if it has any tendency to make a material fact more or less probable.  Fed. R. Evid. 401.  Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."  *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

"Ordinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A).  Opinion work product, meaning "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative," Fed. R. Civ. P. 26(b)(3)(B), is subject to "near absolute protection."

3

*Driscoll v. Castellanos*, 2020 WL 7711869, at *8 (D.N.M. Dec. 29, 2020) (unpublished) (citation omitted). Fact work product, on the other hand, is subject to qualified protection. *Martino v. Baker*, 179 F.R.D. 588, 590 (D. Colo. 1998). Fact work product is discoverable if (1) it is otherwise discoverable under Rule 26(b)(1); (2) the party seeking it has substantial need for it; and (3) its substantial equivalent cannot be obtained without undue hardship. Fed. R. Civ. P. 26(b)(3)(A).

**III.   ANALYSIS**

The parties agree that the surveillance footage collected on Defendant's behalf is fact work product. *Doc. 69* at ¶¶ 9–10; *doc. 78* at 3. Defendant does not dispute that Plaintiff cannot obtain the substantial equivalent of this evidence without undue hardship. *See generally doc. 78*. The central dispute between the parties is whether Plaintiff has established a substantial need for this evidence. *Doc. 69* at ¶ 12; *doc. 78* at 3.

Most of the courts to consider the "substantial need" question have approached it by weighing the interest of the defendant in preserving the impeachment value of such evidence against the interest of the plaintiff in ensuring that the video has not been altered or rendered misleading by decontextualization. *See, e.g., Driscoll*, 2020 WL 7711869, at *9; *Ford v. CSX Transp., Inc.*, 162 F.R.D. 108, 110 (E.D.N.C. 1995) (quoting *Wegner v. Viessman, Inc.*, 153 F.R.D. 154, 156 (N.D. Iowa 1994)). By a robust consensus, these courts resolve the parties' conflicting interests by permitting the defendant to hold off on producing the evidence until after it has had a chance to depose the plaintiff.

*Driscoll*, 2020 WL 7711869, at *11; *Ford*, 162 F.R.D. at 112; *Martino*, 179 F.R.D. at 590; *Donovan v. AXA Equitable Life Ins. Co.*, 252 F.R.D. 82, 83 (D. Mass. 2008); *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582, 586–87 (S.D. Tex. 1996); *Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986); *Snead v. Am. Export-Isbrandtsen Lines, Inc.*, 59 F.R.D. 148, 151 (E.D. Pa. 1973); *Krekorian v. FMC Techs., Inc.*, 2017 WL 1284191, at *2–3 (E.D. La. Apr. 6, 2017) (unpublished); *Liggins v. Mainstream Transp., Inc.*, 2013 WL 12149652, at *3 (W.D. Tenn. Nov. 13, 2013) (unpublished); *Loper v. Rapp Hydema U.S., Inc.*, 2011 WL 13353008, at *1 (S.D. Miss. Feb. 11, 2011) (unpublished).

Plaintiff raises various arguments for his substantial need for the surveillance footage. As the Court explained at the hearing, it is most persuaded by the argument that production of all surveillance video is required to contextualize the portions of the video that Defendant has chosen to disclose and to ensure that Defendant's isolated disclosures are not a product of "cherry-picking." Because the contextualization/cherry-picking argument is consistent with the applicable case law on this subject and sufficient alone to establish Plaintiff's substantial need for the surveillance footage, the Court will not address Plaintiff's other arguments here.[1]

Because Defendant has used portions of the surveillance footage at Plaintiff's deposition and intends to use them at trial, the Court will require production of all of it.

---

[1] The Court also declines to address Plaintiff's argument that Defendant has waived protection by disclosing parts of the footage at Plaintiff's deposition.

As the parties have agreed to a second deposition of Plaintiff, the Court will not require production until after that deposition is complete. The Court will determine the exact timing for production at the parties' Rule 16 conference to initiate Phase Two discovery.

### IV. ATTORNEY'S FEES

Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is granted, the Court must generally grant the movant an award of his reasonable expenses, including attorney's fees, incurred in filing the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must *not* award expenses if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

*Id.*

Pursuant to subsections (i) and (ii) of Rule 37(a)(5)(A), the Court will not require Defendant to pay Plaintiff's expenses. Defendant's counsel informed Plaintiff by email that he was required to show a substantial need for the surveillance footage pursuant to Rule 26(b)(3). *Doc. 78* at 16. Plaintiff's counsel responded, simply, "[W]e intend to use the surveillance, the photos and video in our case in chief." *Id.* at 15. In response, Defendant's counsel "reiterate[d] [their] invitation to articulate why Plaintiff meets the substantial need requirement." *Id.* at 14. Plaintiff's counsel responded, "I have yet to

6

find a case where you are not required to turn over the video and photos in discovery." *Id*.

Defendant was substantially justified in seeking an articulation of Plaintiff's substantial need pursuant to Rule 26(b)(3)(A), and Plaintiff's responses do not properly address Defendant's concern. If Plaintiff had articulated his intended use for the surveillance footage, and if Defendant had continued to refuse to produce it, the Court would have easily found that Plaintiff attempted in good faith to resolve this matter without resort to motion practice. Because Plaintiff failed to articulate his substantial need to Defendant, the Court will not order payment of his expenses.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Production of Surveillance Videos (*doc. 69*) is GRANTED. Defendant shall be required to produce all surveillance footage taken in this matter by a deadline to be determined at the parties' upcoming Rule 16 conference on February 8, 2021.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE