IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERARDO HERRERA,

    Plaintiff,

v.                                                        Civ. No. 20-142 CG/GBW

BERKLEY REGIONAL
INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO COMPEL PRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Production. *Doc. 117*. Having considered the Motion and the attendant briefing (*docs. 124, 125*), the Court will DENY the Motion. However, the Court will permit the motion to be refiled at a later date subject to the limitations explained herein.

I.     **BACKGROUND**

Plaintiff brings this suit for damages pursuant to the underinsured motorist provision of his former employer's insurance policy and the New Mexico Unfair Claims Practices Act. *Doc. 2*. On April 14, 2020, the Court held a Rule 16 scheduling conference and established a bifurcated track for discovery, with the contractual claim to be addressed in Phase One and the extracontractual claims to be addressed in Phase Two.

*Doc. 17*. On February 8, 2021, the Court held a second Rule 16 scheduling conference to initiate Phase Two of discovery. *Doc. 99*.

Plaintiff filed the present motion on April 1, 2021, seeking to compel Defendant to produce various categories of documents. *Doc. 117*. Plaintiff requested an expedited ruling in order to receive the requested documents in time for the deposition of Defendant's corporate representative, which is presently scheduled for May 4, 2021. *Id.* at 5–6. The Court ordered expedited briefing, which was complete on April 13, 2021. *Docs. 119, 124, 125*.

## II.    LEGAL STANDARDS

The Federal Rules of Civil Procedure provide the following general standard of discoverability:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery

narrowly." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).

**III.   ANALYSIS**

The Court denies Plaintiff's motion for two reasons. First, Plaintiff has failed to attach the subject discovery requests and responses to his motion as required by Local Rule 37.1. *See* D.N.M.LR-Civ. 37.1 (requiring a motion to compel to include "(a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto"). Accordingly, the Court cannot properly analyze the scope of Plaintiff's requests and whether Defendant's responses were adequate. Second, to the extent that the Court can properly analyze the motion without reviewing its subject matter, the discoverability of some of the information requested by Plaintiff cannot be decided until the Court has determined Defendant's position on Plaintiff's recently filed Motion to Amend Complaint (*doc. 122*). Accordingly, the denial of Plaintiff's motion will be without prejudice to it being refiled at a later time in accordance with the Local Rules and, for reasons to be explained, limited to Plaintiff's request for loss reserve information.

As the parties have fully briefed the motion, the Court will address the merits despite Plaintiff's failure to comply with the Local Rules.  Plaintiff seeks six categories of information: (1) loss reserve settings; (2) claims notes; (3) claims handling manual; (4) communications with medical experts; (5) personnel file and training history for the adjuster, Brittany Cusack; and (6) itemized expenses.  *Doc. 117* at 2–5.  With respect to categories (2) through (6), Defendant responds that it has produced all nonprivileged, relevant documents responsive to Plaintiff's requests.  *Doc. 124* at 6–8.  Plaintiff's reply (*doc. 125*) does not address any of Defendant's contentions that responsive documentation was provided, thus the Court presumes that all responsive documentation (except that claimed as privileged) was provided with respect to categories (2) through (6).

Where Defendant has invoked attorney-client and/or work product privilege, Plaintiff requests that the Court require *in camera* inspection.  *Doc. 117* at 6; *doc. 125* at 4.  *In camera* inspection is at the Court's discretion. *See F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1276 n.6 (10th Cir. 1998).  "To conduct an *in camera review*, some legitimate issue as to the application of the privilege asserted must exist."  *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, 2019 WL 2766912, at *3 (D.N.M. July 2, 2019) (unpublished) (internal quotation marks and citation omitted).  Regarding the claims notes, Defendant explains that, on September 11, 2019, Ms. Cusack had a phone conversation with Plaintiff's counsel, during which Plaintiff's counsel (according to Ms. Cusack) became

"argumentative and aggressive" and advised Defendant to retain counsel. *See doc. 124* at 12. The withheld claims notes are all dated on or after September 11, 2019 and labeled "Communication with/from Defense Counsel." *Doc. 117* at 10–12. Based on Defendant's explanation and the timing and labelling of the withheld notes, the Court finds that Defendant has satisfied its burden of showing that the withheld notes were made in anticipation of litigation and are thus protected work product. The Court would therefore decline to order *in camera* inspection or require production of the withheld documentation.

Turning to loss reserve settings, Plaintiff argues that this information is relevant to bad faith. *Doc. 117* at 2–3; *doc. 125* at 3. Plaintiff cites several cases supporting the proposition that loss reserves are discoverable in bad-faith cases. *See Barela v. Safeco Ins. Co. of Am.*, 2014 WL 11497826, at *7 (D.N.M. Aug. 22, 2014) (unpublished); *North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (holding that reserves are "relevant to the question of whether or not [the defendant] acted in bad faith during the pretrial settlement negotiations"); *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 645 (D. Kan. 2007) (finding that loss reserve amounts "could, at the least, lead to admissible evidence relating to the Insurers' own beliefs about coverage and their liability, as well as their good or bad faith in handling and investigating [the defendant]'s claims"); *Morrison v. Chartis Prop. Cas. Co.*, 2014 WL 840597, at *3 (N.D. Okla. Mar. 4, 2014) (unpublished) (noting that such evidence is discoverable although

not necessarily admissible); *Porter v. Farmers Ins. Co.*, 2011 WL 1566018, at *2 (N.D. Okla. Apr. 25, 2011) (unpublished) ("[L]oss reserve information is discoverable in bad faith cases."). Defendant raises several arguments for why loss reserves are irrelevant, the most pertinent of which is that Plaintiff's complaint does not allege bad faith. *See doc. 124* at 4. The Court concludes, as both parties appear to agree, that loss reserves are not discoverable if there is no bad-faith claim in this case.

After Plaintiff filed the present motion, he moved to amend his complaint to add allegations of bad faith. *Doc. 122*. In that motion, Plaintiff argues, *inter alia*, that amendment would not prejudice Defendant because "Defendant has been aware of Plaintiff's claim for bad faith since at least March 9, 2020." *Id.* at 5. While that motion and Defendant's response (if Defendant intends to oppose the motion) are pending, the Court cannot determine whether loss reserve information is relevant to this case. Accordingly, the Court will deny the motion to compel at this time but permit Plaintiff to refile it after Defendant's position on the motion to amend is made clear. The Court will set a deadline for refiling after it has reviewed Defendant's response (if any) to Plaintiff's motion. If, upon review of any response by Defendant, the Court finds that a ruling on the motion to amend is necessary to determine the relevance of loss reserves, the Court will set the deadline after such ruling.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel Production (*doc. 117*) is DENIED without prejudice to its being refiled subject to the following limitations: (1) it must comply with the Local Rules; (2) it must be limited to loss reserves; and (3) it must be filed by a deadline that the Court will set at a later time.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE