IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERARDO HERRERA,

    Plaintiff,

v.                                                                                 Civ. No. 20-142 CG/GBW

BERKLEY REGIONAL INSURANCE
COMPANY,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO PAY DEFENDANT'S COSTS

THIS MATTER is before the Court pursuant to Defendant's Affidavit of Cost for the Second Deposition of Gerardo Herrera Filed Pursuant to This Court's February 11, 2021 Order (*doc. 102*). *Doc. 143*. The Court granted Defendant leave to take a second deposition of Plaintiff with the costs to be borne by Plaintiff as a sanction for various misrepresentations and inaccuracies that impeded and frustrated Plaintiff's first deposition. *Doc. 102* at 9–10. The Court ordered Defendant to file "an affidavit detailing its reasonable expenses including attorney's fees" within fourteen days of the second deposition. *Id.* at 13. The Court ordered Plaintiff to file any objections to Defendant's claimed expenses within five days of the filing of Defendant's affidavit. *Id*.

On May 10, 2021, Defendant's counsel filed an affidavit stating that Plaintiff's second deposition took place on April 26, 2020 and that the associated costs and fees total $2,310.91. *Doc. 143* at 1–2. The claimed costs are as follows: (1) $445.31 for the

services of a court reporter; (2) $539.38 for the services of an interpreter; (3) $502.12 for the services of a videographer; and (4) $824.10 in attorney's fees. *Id*. Counsel has attached invoices from the court reporter, interpreter, and videographer but no billing records for the attorney's fees. *Id.* at 3–5. Plaintiff's objections to Defendant's claimed costs, if any, were due by May 17, 2021. *Doc. 102* at 13. No objections were filed.

Attorneys submitting fee affidavits to the Court must demonstrate both the reasonableness of the number of hours spent and the reasonableness of the hourly rate claimed. *Ramos v. Lamm*, 713 F.2d 546, 553–55 (10th Cir. 1983); *see also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679–80 (10th Cir. 2012). An attorney must exercise "billing judgment" and refrain from billing hours to the opposing party that one would not bill to one's client. *Ramos*, 713 F.2d at 553 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Determining the appropriate billing rate requires considering the prevailing market rate for "lawyers of comparable skill and experience practicing in the area in which the litigation occurs." *Id.* at 555.

Defendant's counsel does not specify either the hours or the hourly rate that resulted in the claimed attorney's fees of $824.10. *See generally doc. 143*. Nor does Defendant's counsel supply any information about the prevailing market rate for insurance litigation or her level of experience. In the absence of such detail, the Court may properly reduce the amount of the fee award. *See Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002). However, the Court finds

adequate information in the record to conclude that the claimed fees are reasonable, particularly in the absence of objections from Plaintiff. *See id.* ("Where a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate.").

The Court's order limited the duration of the second deposition to three hours. *Doc. 102* at 12. For three hours of work, the claimed fee equals an hourly rate of $274.70. This hourly rate is within the range approved in this district. *See, e.g., Pierce v. Atl. Specialty Ins. Co.*, Civ. No. 16-829 JAP/KBM, Doc. 302, at *5–6 (D.N.M. Sept. 8, 2017) (approving rates ranging from $225 to $275). Moreover, assuming that the claimed fee includes a reasonable number of hours spent on preparations plus gross receipts tax, the actual hourly rate is well below $274.70. Therefore, the Court finds that the claimed fee of $824.10 is the product of reasonable hours and a reasonable rate. As the costs of the court reporter, interpreter, and videographer are all properly awarded, the Court authorizes an award of costs in the full amount claimed.

IT IS THEREFORE ORDERED that Plaintiff shall pay costs in the amount of **$2,310.91** to Defendant within **fourteen (14) days** of this Order.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

3