IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERARDO HERRERA,

    Plaintiff,

v.                                                                           Civ. No. 20-142 CG/GBW

BERKLEY REGIONAL
INSURANCE COMPANY,

    Defendant.

## **ORDER DENYING MOTION FOR PROTECTIVE ORDER**

THIS MATTER comes before the Court on Defendant's Motion for Protective Order Regarding Plaintiff's Deposition Notice Duces Tecum of Michael McCartney. *Doc. 163*. Having reviewed the Motion and the attendant briefing (*docs. 164, 171*), and being otherwise fully advised in the premises, the Court DENIES the Motion.

On February 8, 2021, the Court held a Rule 16 scheduling conference to initiate Phase Two of discovery. *Doc. 99*. In its Order Setting Pretrial Deadlines and Briefing Schedule for Phase Two of Discovery, the Court set a discovery deadline of July 1, 2021, for Phase Two. *Doc. 100* at 1. The order also explained that all motions related to discovery—including motions for a protective order—must be filed within twenty-one days of service as provided in Local Rule 26.6. *Id.* at 2.

On the afternoon of May 24, 2021, Plaintiff served a notice of deposition of Michael McCartney to take place on June 23, 2021, at 10:00 a.m. *Doc. 151*. On June 22, 2021, at 4:58 p.m., Defendant filed this motion for protective order regarding the deposition of Mr. McCartney, seeking "an order denying access to [Defendant's] loss reserve information." *Doc. 163* at 3. Plaintiff filed a response on June 23, 2021, stating that the deposition went forward that morning as scheduled. *Doc. 164*. Defendant filed a reply on July 7, 2021, which reveals that Plaintiff did not ask any questions concerning the subject matter to which Defendant objected. *Doc. 171*.

Given that Mr. McCartney's deposition went forward without any questions on subjects to which Defendants objected, Defendants' motion for protective order appears to be moot. In its reply, Defendant asks for "an order denying Plaintiff access to [Defendant's] loss reserve information or itemized expenses." *Doc. 171*. There is no live discovery request pertaining to itemized expenses of which the Court is aware, and the deadline to submit any new discovery requests has passed. There is a live discovery request pertaining to loss reserves, but the Court has already ordered Defendant to disclose that information. *Doc. 167*. The Court is aware that Defendant has filed a motion for reconsideration of the Court's order requiring disclosure. *See doc. 170*. Obviously, if the Court denies that motion, Defendant will be required to disclose loss reserves information. On the other hand, if the Court grants it, Defendant will obtain protection from disclosure. In short, the present motion is entirely superfluous.

The present motion is also untimely. Pursuant to the Court's order setting Phase Two deadlines, Defendant was required to file this motion within twenty-one days of service of the notice of deposition. *Doc. 100* at 2. Defendant's filing, twenty-nine days after the notice of deposition was served, is untimely.[1]

Pursuant to Rules 26(c)(3) and 37(a)(5)(B), if a motion for a protective order is denied, the Court "*must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added); Fed. R. Civ. P. 26(c)(3). However, the Court must *not* award expenses if "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Plaintiff's response to Defendant's motion consists of three sentences with no legal analysis. *Doc. 164*. Any award of expenses would be *de minimis* and thus unjust under the circumstances. *See Farrar v. Hobby*, 506 U.S. 103, 118 (1992) (O'Connor, J., concurring).

---

[1] Defendant suggests, rather opaquely, that Plaintiff's notice of deposition was untimely. *Doc. 163* at 1 (citing Fed. R. Civ. P. 30(b)(2), 34). Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34(b)(2)(A), a subpoena duces tecum on a "party deponent" must be served such that the deponent has thirty days to respond. *See, e.g., Brennan v. Ford Motor Co.*, 2016 WL 10179280, at *3 (D.N.M. July 12, 2016) (unpublished). A party may not unilaterally abridge Rule 34's thirty-day deadline by noticing an earlier deposition and requesting production at that deposition. *Id*.

Plaintiff's notice of deposition was filed thirty days before the scheduled deposition. The Court's best guess as to the basis of Defendant's timeliness objection is that Plaintiff abridged the time to respond by a handful of hours (i.e., by requiring production on the morning of June 23, 2021, instead of the afternoon). The Court finds such an objection too trifling to merit further discussion.

**Wherefore, IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order Regarding Plaintiff's Deposition Notice Duces Tecum of Michael McCartney (*doc. 163*) is DENIED. The parties shall bear their own costs.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE