# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GERARDO HERRERA,

    Plaintiff,

v.                                                                                       No. CV 20-142 CG/GBW

BERKLEY REGIONAL INSURANCE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE, OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 155), filed June 9, 2021. In the PFRD, the Magistrate Judge recommended that Plaintiff's *Motion to Amend Complaint*, (Doc. 122), be denied. Plaintiff timely filed objections, (Doc. 165), in response to which Defendant filed its *Motion to Strike Plaintiff's Objections to Proposed Findings and Recommendation* (the "Motion to Strike"), (Doc. 173). Having conducted an independent, *de novo* review of the record, the Court **DENIES** Defendant's Motion to Strike, (Doc. 173), **OVERRULES** Plaintiff's objections, (Doc. 165), and **ADOPTS** the PFRD, (Doc. 155), denying Plaintiff's *Motion to Amend Complaint*, (Doc. 122).

    **I.**    **Background**

This suit was filed in state court on January 21, 2020, and removed to this Court on February 19, 2020. (Doc. 2). On April 14, 2020, Magistrate Judge Wormuth held a Rule 16 scheduling conference, at which he established a pleading amendment deadline of April 15, 2020, as proposed by the parties. (Doc. 16 at 2); (Doc. 13 at 2). On

April 9, 2021, nearly a year after the pleading amendment deadline, Plaintiff filed his *Motion to Amend Complaint*, seeking to add a claim of continuing bad faith and a request for punitive damages. (Doc. 122). Defendant filed a response in opposition on April 23, 2021, to which Plaintiff filed a reply on April 30, 2021. (Doc. 131); (Doc. 136). On May 10, 2021, the Court filed an Order of Reference, referring Plaintiff's motion to Magistrate Judge Wormuth for findings of fact and recommendations for its disposition pursuant to 28 U.S.C. § 636(b)(1). (Doc. 144). Magistrate Judge Wormuth filed his PFRD on June 9, 2021, recommending that Plaintiff's motion be denied for failure to comply with the good-cause standard of Rule 16(b). (Doc. 155). On June 23, 2021, Plaintiff timely filed objections to the PFRD. (Doc. 165). On July 7, 2021, Defendant filed its Motion to Strike. (Doc. 173).

## II. Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1), the Court's standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also*

*United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

In adopting a PFRD over objections, the Court need not "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). The Court "is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995)). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). The Supreme Court has explained that "in providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

### III. Analysis

#### A. Defendant's Motion to Strike

Defendant moves to strike Plaintiff's objections pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 173 at 1). Defendant contends that Plaintiff makes false statements that cast Defendant in an "unreasonably derogatory light." *Id.*

Under Rule 12, the Court "may strike from a pleading . . . any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are a "drastic remedy" and "generally disfavored." *Martinez v. Naranjo*, 1:18-cv-201 JB/SCY, 328 F.R.D. 581, 591 (D.N.M. 2018) (citations omitted). Rule 12(f) is strictly construed to apply only to material in a pleading. *Id.* at 591.

Plaintiff's objections are not a "pleading." *Id.* Rule 12(f) thus offers no relief to Defendant. Defendant's motion must therefore be denied.

### B. Plaintiff's Objections to the PFRD

Because Plaintiff moved to amend his complaint after the pleading amendment deadline set by the Magistrate Judge, Plaintiff was required to satisfy not only Rule 15 but also the good-cause standard of Rule 16(b). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The Magistrate Judge analyzed Plaintiff's motion under both standards and found that Plaintiff had satisfied Rule 15 but not Rule 16. *See generally* (Doc. 155). As no party has objected to the Magistrate Judge's Rule 15 analysis, the Court will limit its *de novo* review to whether Plaintiff has satisfied good cause under Rule 16.

The good-cause standard of Rule 16 "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The standard under Rule 16 is stricter than that under Rule 15. *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). While prejudice (or lack thereof) to the opposing party is a proper consideration under Rule 15, Rule 16 focuses on the diligence of the moving party. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). *See also Gorsuch*, 771 F.3d at 1240 (quoting

*Pumpco*, 204 F.R.D. at 668).

Plaintiff's first objection is that the Magistrate Judge failed to consider recently developed evidence warranting amendment. Plaintiff specifically relies on the following evidence: (1) "Defendant did not increase its loss reserves even after receiving the opinion of Plaintiff's treating orthopedic surgeon, Dr. Wilson," and (2) Defendant's adjuster, Ms. Cusack, admitted during her deposition "that she has not raised her offer to a reasonable amount." (Doc. 165 at 3).

As to the first piece of evidence, the Court finds that Plaintiff's argument is waived due to his failure to raise it for the first time in his motion. *See Marshall*, 75 F.3d at 1426 ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."). Throughout his motion, Plaintiff asserted that the newly obtained evidence related to Defendant's alleged failure to make an increased offer of settlement, *not* a failure to increase loss reserves. *See* (Doc. 122 at ¶ 8) ("The evidence obtained from the claims file and the testimony [of] Ms. Cusack is that Defendant has not made any offer since the offer of settlement of $70,000 made on January 21, 2020."); *id.* at ¶ 9 ("The delay in making a reasonable attempt to resolve this claim is ongoing . . . ."); *id.* at ¶ 18 ("The bad faith conduct has been continuing, including Defendant's failure to make any offer other than the $70,000 offer made over two years ago . . . ."). Plaintiff first mentioned a failure to increase loss reserves in his reply. (Doc. 136 at ¶ 30). Plaintiff did not, however, assert that the failure to increase loss reserves is itself a bad-faith practice. Rather, Plaintiff's reply, like his motion, focuses on Defendant's "duty to raise

5

[its] offer [of settlement] to a reasonable amount." *Id.* at ¶ 34. The Court also notes that Plaintiff's proposed amended complaint does not include any allegations concerning Defendant's loss reserves settings. *See generally* (Doc. 122 at 19–22). This argument is waived.

As to the second piece of evidence, the Court finds that the Magistrate Judge properly considered—and rejected—this evidence. Two of the Magistrate Judge's conclusions are salient. First, the Magistrate Judge reasoned that Defendant's alleged failure to increase its settlement offer should have been known to Plaintiff well before Ms. Cusack's deposition because "Plaintiff (or his counsel) would necessarily be the first to know of any and all settlement offers by Defendant." (Doc. 155 at 11). Second, the Magistrate Judge observed that evidence "proving up" a case (such as an admission by a party's agent) does not provide grounds for amendment because "[o]ne pleads one's case, and then one proves it," and not the other way around. *Id.* at 13. Upon *de novo* review of the evidence in the record, the Court agrees with the Magistrate Judge's reasoning. Plaintiff possessed sufficient information and belief to allege an ongoing refusal to make a reasonable offer of settlement well before Ms. Cusack's alleged admission. Therefore, Plaintiff has failed to establish that he could not, with diligence, pursue the proposed amendment sooner than he did. The Court overrules Plaintiff's first objection.

Plaintiff's second objection is that his original complaint has included common-law bad faith from its inception. (Doc. 165 at 3–4). The Magistrate Judge found that Plaintiff's original complaint included a claim of statutory bad faith based on Defendant's alleged failure to settle but that Plaintiff's proposed amended complaint included

additional claims of common-law bad faith. (Doc. 155 at 6–7). Plaintiff objects that his original complaint included "common law bad faith damages, including damages for mental anguish and loss of enjoyment of life." (Doc. 165 at 4). But Plaintiff's original complaint specifically states that such damages are due to "violations of the New Mexico Unfair Claims Practices Act." (Doc. 2 at 7, 8). Plaintiff also objects that the allegations in paragraph 8 of his original complaint "are allegations constituting common law bad faith." (Doc. 165 at 4). But paragraph 8 specifically states that the violations are "unfair claims practice[s]" in violation of N.M. Stat. Ann. § 59A-16-20. (Doc. 2 at 7). Moreover, Plaintiff's original complaint never once uses the phrase "bad faith." It is not incumbent on this Court to construe Plaintiff's complaint liberally, as it would for an unrepresented plaintiff. *See, e.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construed according to its stated terms, Plaintiff's original complaint includes just one bad-faith claim, premised on Defendant's failure to settle in violation of N.M. Stat. Ann. § 59A-16-20(E). (Doc. 2 at 7).

Plaintiff's third and final objection is that he should be permitted to amend his complaint to include common-law bad faith because Defendant tacitly consented to it. (Doc. 165 at 4). The sole legal authority Plaintiff cites for permitting amendment based on consent is to a partial concurrence/dissent in a Fourth Circuit case in which a circuit judge cites Rule 15(b) for a general proposition ancillary to the issues before that court. *See* (Doc. 165 at 5) (quoting *Davis v. U.S. Steel Corp.*, 779 F.2d 209, 215 (4th Cir. 1985) (Phillips, J., concurring in part and dissenting in part)). Plaintiff cites no authority (binding or persuasive) that is contrary to the Magistrate Judge's finding that good cause under Rule 16 turns on the diligence of the movant. As the Magistrate Judge

7

emphasized, Rule 16 "does not focus on the bad faith of the movant, or the prejudice to the opposing party." *See* (Doc. 155 at 10) (quoting *Pumpco*, 204 F.R.D. at 668). Under Rule 16, it is beside the point that Plaintiff's omission of common-law bad faith and punitive damages may have been unintentional or that Defendant may not suffer any prejudice if the amendment were allowed. Furthermore, the argument from prejudice loses its force once it is accepted that Plaintiff's original complaint includes a claim for statutory bad faith. Defendant's tacit consent to litigate bad faith was not specific to common-law bad faith.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike, (Doc. 173), is **DENIED**; Plaintiff's objections, (Doc. 165), are **OVERRULED**; the Magistrate Judge's PFRD, (Doc. 155), is **ADOPTED**; and Plaintiff's *Motion to Amend Complaint*, (Doc. 122), is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also argues consent to litigate punitive damages from the fact that he has included punitive damages in his settlement demands to Defendant. (Doc. 165 at 5). In contrast to the evidence reviewed by the Magistrate Judge concerning bad faith, *see* (Doc. 155 at 2–5), there is no evidence that Defendant ever affirmed the inclusion of punitive damages in this case. Consent to litigate punitive damages cannot be presumed from Defendant's receipt (and, needless to say, rejection) of settlement demands containing them.